FILED
 2010 Oct-26  PM 12:00
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

ELIZABETH BLANKENSHIP, o/b/o )
RICKEY A. BLANKENSHIP, )
 )
  Plaintiff, )
 ) CIVIL ACTION NO. 10-G-0140-NE
  v. )
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
  Defendant.

**MEMORANDUM OPINION**

  The plaintiff, Elizabeth Blankenship, o/b/o Rickey A. Blankenship, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying claimant's application for Social Security Benefits.[1]  Plaintiff timely pursued and exhausted her administrative

---

[1] The ALJ initially denied Rickey A. Blankenship's claim for SSI benefits on June 24, 2005.  However, the Appeals Council vacated the hearing decision and remanded the case to the ALJ for further proceedings.  After remand from the Appeals Council, the claimant died before his next ALJ hearing.  His wife was substituted as a party.  A hearing was held at which claimant's wife testified.  The ALJ issued the hearing decision that is the subject of the present appeal January 19, 2008.  Although the claimant's wife is the plaintiff in the present appeal, references in this opinion to "plaintiff" should be considered as referring to the original claimant, Rickey A. Blankenship, where context requires.

remedies available before the Commissioner.  Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence."  Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520 (a)-(f). The Commissioner must determine in sequence:

(1)  whether the claimant is currently employed;

(2)  whether she has a severe impairment;

(3)  whether her impairment meets or equals one listed by the Secretary;

(4)  whether the claimant can perform her past work; and

(5)  whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

In the instant case, the ALJ, Randall Stout, determined the claimant met the first two tests, but concluded did not suffer from a listed impairment. The ALJ found the claimant unable to perform his past relevant work. Once it is determined that the claimant cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do." Foote, at 1559. When a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely

on the Medical-Vocational Guidelines (the grids).  Foote, at 1558-59.  The presence of a non-exertional impairment (such as pain, fatigue or mental illness) also prevents exclusive reliance on the grids.  Foote, at 1559.  In such cases "the [Commissioner] must seek expert vocational testimony.  Foote, at 1559.

## DISCUSSION

The claimant was 48 years old at the time of his death.  He alleged disability because of problems with both knees, his left elbow, and his back.  He also alleged that he suffered from depression and anxiety.  The claimant was seen for a psychological evaluation at the request of the Social Security Administration by Dr. Jon G. Rogers, PhD., on July 9, 2003.  Dr. Rogers assessed a GAF of 50.[2]  He diagnosed a pain disorder with psychological factors; a depressive disorder; and an anxiety disorder.  In response to questionnaires requesting specific opinions as to the claimant's mental impairments, Dr. Rogers opined that the claimant's ability to understand, remember, and carry out instructions and respond appropriately to supervision, coworkers, and work pressures in a work setting would be severely impaired.  Dr. Rogers also indicated that the extent of of the claimant's mental impairment was "moderate to severe."

At the ALJ hearing following remand from the Appeals Council, the vocational expert was asked about the impact of a severe impairment in the claimant's

---

[2]  A GAF of 41-50 indicates:  "**Serious symptoms** (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) **or any serious impairment in social, occupational, or school functioning** (e.g., no friends, unable to keep a job)."  DSM-IV at 32 (emphasis in original).

ability to perform work related activities as indicated by Dr. Rogers. The vocational expert testified that with such an impairment there would be no jobs the claimant could perform. However, the ALJ refused to accept Dr. Rogers' opinion as to the impact of the claimant's mental impairment on his ability to work.

The ALJ's primary reason for refusing to accept Dr. Rogers' opinion that the claimant would suffer severe work-related impairments was because Dr. Rogers indicated the extent of the claimant's mental impairment was "moderate to severe." The ALJ stated that this did not support Dr. Rogers' opinion that the claimant suffered severe impairments in his ability to perform in a work setting.

The ALJ's decision to not credit his own psychological examiner is not supported by substantial evidence. Dr. Rogers' specific opinion that the claimant's ability to perform work related activities was severely impaired is not inconsistent with his more general opinion as to the overall extent of the claimant's mental impairment. On the "Mental CE Emphasis Sheet Addition," Dr. Rogers was asked to provide "a statement, based on your medical findings, expressing your opinion about the claimant's ability to understand, to carry out, and remember instructions, and to respond appropriately to supervision, co-workers, and work pressures in a work setting" despite claimant's mental impairments. Record 406. This form asked Dr. Rogers for a very specific opinion about the extent of the claimant's mental impairment in one area of his life– his ability to function in a work environment. On the other form Dr. Rogers was asked to assess the "severity of the impairment." Record 405. On that form he was also asked to comment on the

5

claimant's ability to function independently.  Dr. Rogers' indicated the claimant would be able to perform "most activities of daily living."  Record 405. On this form he was asked to comment on the more general question of the "severity of the impairment."  Record 405.  It was in response to this more general question that Dr. Rogers assessed a "moderate to severe" level of impairment.  These opinions are not inconsistent.

It is crucial to note that the range given by Dr. Rogers, moderate to severe, allows for finding the claimant's overall mental impairment to be in the severe range.  However, even if it were assumed that the claimant's overall mental impairment was only moderate, that would not be inconsistent with a severe impairment in the claimant's ability to function in a work environment.  The crucial question in determining whether the claimant is able to perform other jobs at step five is his ability to perform in a work environment in spite of his impairments.  Dr. Rogers was asked for his opinion about the claimant's impairment in that specific area precisely because of its importance in assessing the claimant's ability to perform jobs in a work environment.  There is nothing inconsistent in finding the claimant to be more severely impaired in this specific area than in his overall ability to function in spite of his mental impairment.

The only other reason given by the ALJ for failing to accept Dr. Rogers' assessment of a severe impairment in the claimant's ability to perform in a workplace setting was that the claimant was not taking medication for a psychological disorder and was not seeing a psychologist or psychiatrist.  Record 27.  Although the claimant was apparently taking no medication for depression or anxiety at the time he was seen by Dr.

Rogers, he was subsequently prescribed Xanax in 2007 by Dr. Murphy and there is evidence he had previously taken Paxil. Although he was not being treated by a psychologist or psychiatrist, his treating doctors believed the prescription of medications used to treat depression and anxiety was warranted. Also, Dr. Rogers did not opine the claimant's ability to perform in a work setting would be improved with treatment.

The Commissioner chose to have the claimant examined by Dr. Rogers and specifically asked him for his opinion as to the claimant's ability to function in a work environment. Dr. Rogers did as he was asked, and essentially opined that the claimant would be unable to work due to his mental impairment. In Wilder v. Chater, 64 F.3d 355 (7th Cir. 1995), the court was faced with an ALJ who had improperly ignored the opinions of a consulting psychiatrist who was appointed by the Commissioner. The court remarked on the proper role of an ALJ in cases involving mental illness: "Severe depression is not the blues. It is a mental illness; and health professionals, in particular psychiatrists, not lawyers or judges, are the experts on it." Id. at 337 (emphasis added)(citations omitted). In the present case, the ALJ refused to credit his own expert, Dr. Rogers. That decision was unreasonable in light of the evidence of record. No reasonable fact finder would employ a mental health expert, ask for his specific opinions about the claimant's ability to perform work related activities, and then reject those opinions for the reasons given by the ALJ. Therefore, the ALJ's decision not to credit Dr. Rogers' statement is not supported by substantial evidence. Bloodsworth, at 1239 (decision must be reasonable in order to be supported by substantial evidence).

Therefore, the Commissioner failed to carry his burden at step five of showing the claimant could perform other work.  Accordingly, the claimant is disabled within the meaning of the Social Security Act.  This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt."  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed.  Id.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 26 October 2010.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.